Defendant Timothy Luke Hammer has appealed from his conviction and sentence by the Wayne County Court of Common Pleas. We affirm.
Defendant was previously incarcerated on a conviction for gross sexual imposition. On December 3, 1998, he was released and placed on post-release control in Wayne County for a period of five years. In August of 1999, while Defendant knew he was under detention, he purposely left the state without permission. Defendant was arrested in Florida on a warrant, at which time he waived extradition, was returned to Summit County, convicted of sexual battery and sentenced to two years imprisonment.
Defendant pled guilty to one count of escape, in violation of R.C.2921.34(A). The Wayne County Court of Common Pleas sentenced Defendant to a term of five years, to run concurrently with his previous two-year sentence. Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in imposing the maximum sentence pursuant to O.R.C. 2929.14(C).
In his sole assignment of error, Defendant asserts that the trial court erred when it imposed the maximum sentence of five years for escape because the record did not support a finding that Defendant committed the worst form of the offense as required by R.C. 2929.14(C). We disagree.
Pursuant to R.C. 2953.08(G)(1)(a),
 [t]he court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds * * * that the record does not support the sentence[.]
In this case, Defendant was convicted of escape, a third degree felony, which carries a maximum sentence of five years. See R.C.2921.34(C)(2)(b); R.C. 2929.14(A)(3).[1] When a trial court imposes the maximum prison term for an offense, it must conduct a statutorily mandated analysis. See State v. Edmonson (1999), 86 Ohio St.3d 324. As part of this analysis, a trial court may only impose the maximum prison term on a defendant who meets one of four criteria. See R.C. 2929.14(C). The only two criteria relevant to this appeal are whether Defendant "committed the worst form of the offense" or "poses the greatest likelihood of committing future crimes[.]" Id. The record of the sentencing hearing states the trial court's findings and reasons, in relevant part, as follows:
 The Court also finds that because you were on post release control for a sex offense and that you escaped while on post release control that you committed the worst form of that offense. And because of your two prior sex offenses the Court believes that the likelihood of you committing future crimes is great.
The elements of escape include: (1) knowing he was under detention or being reckless in that regard, and (2) purposely breaking or attempting to break that detention, or purposely failing to return to detention. R.C. 2921.34(A)(1). The definition for detention includes, "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution." R.C. 2921.01(E).
We cannot conclude that the trial court's decision that Defendant committed one of the worst forms of the offense was clearly and convincingly not supported by the record. Accordingly, Defendant's assignment of error is overruled.
Defendant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., CARR, J., CONCUR.
[1] The degree of felony or misdemeanor assigned to the crime of escape is determined primarily by the most serious offense for which the person was under detention. See R.C. 2921.34(C). Defendant's conviction for escape was a felony of the third degree because "the most serious offense for which [Defendant] was under detention * * * [was] a felony of the third, fourth, or fifth degree[.]" R.C. 2921.34(C)(2)(b).